ANGELA PARÍS ET AL., Plaintiffs and Appellants, *v.* MANUEL CANETY ET UX., Defendants and Appellees.

No. 10533. Argued April 14, 1952.—Decided April 28, 1952.

L. E. Dubón, R. García Cintrón, L. Ríos Algarín, F. Fornaris, Jr., and J. Pieras, Jr., for appellants. Brown, Newsom & Córdova for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Ignacio Jorge and his wife filed a complaint in the District Court of Puerto Rico, San Juan Section, alleging that on December 31, 1948, they sold to Manuel Canety and wife a house and lot for $11,000, of which sum they received when the deed was executed, $900 in bank notes; $6,000 which the purchasers reserved to cancel in due time a mortgage which encumbered the property; $2,100 in ten promissory notes for $200 each and another for $100, endorsed by the purchasers to the vendors; and a $2,000 promissory note to bearer, signed by Adalberto C. Iturrondo, maturing on October 18, 1949; that all of the above-mentioned notes have been paid except the $2,000 note to bearer; and that Iturrondo, as well as the defendants, has refused to pay the amount of the latter note, with interest at the agreed rate, notwithstanding that it has matured.[1] The defendants admitted in their answer having refused to pay the amount of the note in question and alleged that the agreement between the parties was that the vendors would accept and receive said note in payment of that part of the price represented by the sum of $2,000 and that, according to that agreement, when the deed of sale was executed, they transferred their title to, right and interest in the promissory note to bearer by delivering the latter to the plaintiffs who accepted it in payment and satisfaction of $2,000 of the total selling price. The case was tried and the lower court entered judgment founded on a cogent opinion, overruling the complaint.

On appeal the plaintiffs claim that the lower court erred: (1) in finding that the defendants transferred their title to, right and interest in the $2,000 note to bearer, and that there was no contract or agreement in any way limiting ac-

---

[1] The $2,000 promissory note to bearer was deposited in the office of the clerk of the court and placed at the disposal of the defendants.

ceptance of the note; (2) in rejecting the oral evidence offered by the plaintiffs tending to show the intention of the contracting parties to the effect that said note was not accepted as final payment of a part of the selling price; and (3) in disposing of the case by dismissing the complaint, without hearing oral evidence.

 In discussing the first assignment the plaintiffs stress §§ 1111 and 1124 of the Civil Code, 1930 ed.[2] To this we reply that the note to bearer was *delivered* by the defendants and accepted by the plaintiffs and that even admitting that the provisions of the second paragraph of § 1124 applied to promissory notes to bearer, as the one involved in this case, such statutory provision could not be enforced here for said note is governed by the Uniform Negotiable Instruments Act, Act No. 17 of April 22, 1930 (Sess. Laws, p. 172), and not by the Civil Code. We say this because said Uniform Act is not only subsequent to the Civil Code, which in this respect conflicts with the latter, but also because it is a special Act on this subject and must prevail over any other applicable rule of a general character. Pursuant to § 2 thereof *"An instrument to be negotiable* must conform to the following requirements: 4. *Must be payable* to order *or to bearer;* ..." (Italics ours.) As in the instant case the promissory note in question was to bearer, it was clearly negotiable and the Act is applicable thereto.

According to the terms of the deed executed by the parties, and as clearly disclosed by the evidence offered, the $2,000

---

[2] Sections 1111 and 1124 of the Civil Code provide:

"Section 1111.—A debt shall not be considered as paid until the full amount of the thing has been delivered, or the prestation of which the obligation consisted has been made."

"Section 1124.—Payments of debts of money shall be made in the specie stipulated and, should it not be possible to deliver the specie, in legal silver or gold coin current in Porto Rico.

"The delivery of promissory notes to order or drafts or other commercial paper shall only produce the effects of payment when collected or when, by the fault of the creditor, their value has been affected.

"In the meantime the action arising from the original obligation shall be suspended."

note was delivered by the defendants to the plaintiffs and accepted by the latter. It is admitted that it was not endorsed. Pursuant to the provisions of § 66 of the Uniform Negotiable Instruments Act, *supra,* *"Every person negotiating an instrument by delivery* or by a qualified indorsement, *warrants:* (1) That the instrument is genuine and in all respects what it purports to be; (2) That he has a good title to it; (3) That all prior parties had capacity to contract; (4) That he has no knowledge of any fact which would impair the validity of the instrument or render it valueless . . . ." (Italics ours.) However, pursuant to § 67 of that same Act *"Every indorser who indorses without qualification,* warrants to all subsequent holders in due course: (1) the matters and things mentioned in subdivisions one, two and three of the next preceding section; and (2) That the instrument is at the time of his indorsement valid and subsisting. And *in addition, he engages that* on due presentment, *it shall be accepted or paid, or both,* as the case may be, according to its tenor, and that *if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it."* (Italics ours.) Therefore, since in this case the note to bearer involved in the complaint was merely delivered, without being endorsed by the purchasers, the latter, in harmony with the above-quoted provisions of the Uniform Act, did not bind themselves to pay the amount thereof in the event that the vendors failed to obtain payment from the drawer. See also 42 Yale Law Journal, p. 25; Brannan's Negotiable Instrument Law, Sixth Ed., p. 803 *et seq;* 5 U.L.A., second part, pp. 309 *et seq.*

■ On the other hand, the second clause of the deed of December 31, 1948, executed by the parties, recites as follows:

"The price or consideration of this contract is the agreed sum of ELEVEN THOUSAND DOLLARS ($11,000) in money of legal tender in the United States of America, which amount is paid by the purchasers to the vendors, as follows: NINE HUNDRED DOLLARS

($900) delivered in this act in bank notes of the denomination agreed to, SIX THOUSAND DOLLARS ($6,000) which said purchasers reserve to cancel in due time a mortgage which encumbers this property, the terms of which are known to and accepted by the purchasers, TWO THOUSAND DOLLARS ($2,000) in a promissory note to bearer for that. amount, signed by Adalberto Iturrondo and TWO THOUSAND ONE HUNDRED DOLLARS ($2,100) in ten promissory notes for TWO HUNDRED DOLLARS ($200) each, maturing monthly, and endorsed by the purchasers to the vendors and another ONE HUNDRED DOLLARS ($100) promissory note in favor of the purchasers and endorsed by these to the vendors. These eleven promissory notes are signed by Asia widow of Rivas. These amounts of money and securities delivered total ELEVEN THOUSAND DOLLARS which is the selling price fixed. The vendors set forth that they accept the obligations or notes endorsed and delivered to them in this act."

It appears from that clause that the $2,000 note to bearer formed part of the sum paid by the purchasers to the vendors as consideration in the sale of the house, and from the deed as a whole no agreement or contract appears limiting acceptance of the note to bearer. Taking the foregoing into consideration, the lower court did not err in deciding that said note was transferred without limiting its acceptance.

 Nor were the other errors assigned committed. Said court refused to admit in evidence oral testimony tending to establish, according to the plaintiffs, the real intention of the parties. In discussing these errors the appellants insist that the clause of the deed copied above is ambiguous and that, therefore, evidence of the nature mentioned should have been admitted to show the real agreement between the parties regarding the note in question. In this connection appellants state "that said deed is ambiguous because it does not specify thoroughly whether the $2,000 note signed by Adalberto C. Iturrondo was delivered by the purchasers to the vendors as partial, final and definitive payment of a part of the $11,000 selling price . . . or whether this $2,000 note

was delivered by the purchasers to the vendors as an instalment of the $11,000 selling price and thus the original obligation was suspended until collected or not."

Section 25 of the Law of Evidence (§ 387 of the Code of Civil Procedure, 1933 ed.) provides:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore, there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreements other than the contents of the writing, except in the following cases:

"1. Where a mistake or imperfection of the writing is put in issue by the pleadings.

"2. Where the validity of the agreement is the fact in dispute.

"But this section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in section thirty-four, or to explain an extrinsic ambiguity, or to establish illegality or fraud. The term 'agreement' includes deeds and wills, as well as contracts between parties."

In the instant case the deed executed before a notary public contains several clauses in connection with the contract entered into and it must be presumed that the latter contains all the terms agreed to by the parties. See *The New York & Porto Rico S. S. Co.* v. *Dexter*, 16 P.R.R. 565. No mistake or imperfection of the writing is alleged here. Nor is its validity challenged. It is only alleged, we repeat, that there is an extrinsic ambiguity and hence, that the lower court should have admitted oral evidence to demonstrate the real agreement between the parties in connection with the note to bearer. The deed sets forth very clearly that the price or consideration of the contract is the sum of $11,000, "which amount is paid by the purchasers to the vendors, as follows: . . . $2,000 in a promissory note to bearer for that amount, signed by Adalberto Iturrondo . . . ." Indeed, we fail to see any ambiguity in the instrument in question.

392

■■ On the other hand, we have repeatedly held that the terms of a written agreement can not be varied by parol evidence, when such evidence does not fall within any of the exemptions prescribed by § 25 of the Law of Evidence. In this connection we said in *Collazo v. Conesa*, 70 P.R.R. 144, 151–52 the following:

"The rule laid down by § 25, *supra,* is well known. In American law it is described with the name of parol evidence rule. The theory in which it is grounded is not merely that the instrument is the best evidence of the agreement but that what is embodied in the writing is the actual contract of the parties, no oral evidence being admissible to vary it except in the cases provided in the said Section. *Nicorelli* v. *Ernesto López & Co.,* 26 P.R.R. 49; *Morales et al.* v. *Díaz et al.,* 24 P.R.R. 691. See also 6 Harv. L. Rev. 325; 7 Cal. L. Rev. 417; 6 Cal. Jur., p. 261, § 166; 10 Cal. Jur. 919, § 187; 12 Am. Jur. 755–757, §§ 232–234; and 20 Am. Jur. 958, § 1099. The evidence introduced by the defendants did not fall within any of the exceptions prescribed by the Section copied above and the lower court did not err in rejecting the same."

See also *Heirs of Rodríguez* v. *Virella,* 62 P.R.R. 625, 627; *Menéndez* v. *Fuente,* 34 P.R.R. 363; *Morales et al.* v. *Díaz et al.,* 24 P.R.R. 691; *Seitz* v. *Brewers' Refrigerating Machine Co.,* 35 L. ed. 837. *Cf.* 2 Jones on Evidence, 4th ed., p. 836. The oral evidence offered clearly tended to vary the terms of the deed. In accordance with the latter the promissory note to bearer was delivered as a part of the total amount paid for the house purchased by the defendants, without setting forth that if the drawer fails to pay the note on maturity the purchasers would pay it. If the oral evidence sought by the plaintiffs were permitted, this principle of law would be violated. The lower court acted, therefore, correctly.[3]

The judgment appealed from will be affirmed.

---

[3] According to § 67 of the Uniform Negotiable Instruments Act, *supra,* the vendors could have attained their ends by requesting and obtaining from the purchasers their unconditional endorsement of the note to bearer.